**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DR. DALE THURMAN,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **CASE NUMBER: 05-72912** |
| **v.** | | **HONORABLE VICTORIA A. ROBERTS** |

**PFIZER, INC.,**

                       **Defendant.**
_____/


**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**


**I.        INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss.  The Court **GRANTS** the motion.


**II.       BACKGROUND**

This action is brought by Dr. Dale Thurman ("Plaintiff").   Pfizer, Inc. ("Defendant" or "Pfizer") is his employer.

Plaintiff was hired by Defendant Pfizer in May of 2004.  He was automatically enrolled in Pfizer's Retirement Annuity Plan ("Plan").  Prior to accepting employment, Plaintiff was told that he would become eligible for full retirement at age 62 and receive a monthly pension allowance of $3,100.00.  This pension allowance was a significant factor in Plaintiff's decision to accept Defendant's job offer and leave his then-current position in Ohio, where he earned more money.

After Plaintiff began employment with Pfizer, he was notified in writing by the Executive Director of Human Resources that the pension allowance described to him was incorrect and that it would only be approximately $816. Defendant's letter also pointed out that the representations made during the employment negotiations were non-binding. Thereafter, Plaintiff filed this action for state law claims of innocent and fraudulent misrepresentation. Defendant moves to dismiss Plaintiff's complaint, contending that Plaintiff's claims are preempted by the Employee Retirement Income Security Act (ERISA).

## III.    STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) Motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "[i]t is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of the witnesses." *Miller*, 50 F.3d at 377. The court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Gazette*, 41 F.3d at 1064; *see also Miller*, 50 F.3d at 377; *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir. 1994). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *DeLorean*, 991 F.2d at 1240.

## IV. APPLICABLE LAW AND ANALYSIS

### A. State Law Claim Preemption

29 U.S.C. §1144(a) provides that the Employee Retirement Income Security Act (ERISA) "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan." The Sixth Circuit finds preemption where Congress: (1) intends to occupy the field and (2) provides a remedy for the alleged misconduct. *Lion's Volunteer Blind Indus.,Inc. v. Automated Group Admin., Inc.,* 195 F.3d 803 (6th Cir. 1999). In reviewing whether a state-law misrepresentation claim is preempted by ERISA, the 6th Circuit holds that preemption turns on the true nature of the issues underlying the claim. *Id* at 808.

Defendant does not dispute that during employment negotiations, Plaintiff received incorrect information regarding the amount of benefits he would be provided under Pfizer's Plan. Instead, Defendant argues that because Plaintiff's state law claims relate to pension benefits provided under the Plan, they are preempted by ERISA. Consequently, Defendant argues that Plaintiff's complaint should be dismissed. The Court agrees.

The Supreme Court gives ERISA broad construction with respect to its preemptive effect on state law and state actions that "relate to" an employment benefit plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 (1983). Preemption does not apply to an action that is "too tenuous, remote or peripheral" to justify a conclusion that the action relates to the plan. *Id* at 100. In determining whether a claims relates to a plan, the court must consider the kind of relief sought and its relation to the plan. *Ramsey v. Formica*, 398 F.3d 421 (6th Cir. 2005).

Plaintiff failed to establish that his innocent and fraudulent misrepresentation claims do not relate to an employee benefit plan. Plaintiff contends that his claims do not relate to an

ERISA plan because he does not seek plan benefits. However, Plaintiff's complaint and prayer for relief specifically request "damages representing the benefit of his bargain." Plaintiff attempts to dilute the effect of this request by pointing out that it is the "alternative" relief requested. But such a demand, even in the alternative, demonstrates that the true nature of the issue underlying Plaintiff's misrepresentation claim involves benefits governed by an ERISA defined plan. Otherwise, Plaintiff would have solely requested losses suffered in reliance on Defendant's misrepresentations. By requesting the benefit of his bargain, Plaintiff essentially asks the Court to award him the difference between the pension funds described during his employment negotiations and the funds he will actually obtain. Therefore, Plaintiff's state law claims are not remote enough to conclude that they do not relate to the Plan.

In response to Defendant's motion, Plaintiff also argues that his claims cannot be preempted by ERISA because he would be left without an adequate remedy. This argument is flawed. Plaintiff relies upon *Perry v. P*I*E Nationwide, Inc.*, 872 F.2d 157 (6th Cir. 1990) for his assertion. However, in cases decided since *Perry*, the 6th Circuit expressly rejected the plaintiff's argument that, according to *Perry,* ERISA does not preempt state law claims where there is no adequate remedy. The Court stated that although *Perry* may appear to endorse this idea, it "did not actually hold that a plaintiff could pursue a state law claim that 'fell within ERISA's civil enforcement provision merely because ERISA did not provide the desired remedy'". .*Massachusetts Casualty Insurance Co. v. Reynolds,*113 F.3d 1450, 1454 n. 2 (1997) (quoting *Tolton v. American Biodyne, Inc.*, 48 F.3d. 937, 943 n.5 (6th Cir. 1995) ). Thus, Plaintiff's inability to obtain his desired remedy does not prevent this Court from holding his state law claims are preempted by ERISA.

**VII.    CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff's innocent and fraudulent

misrepresentation claims are preempted by ERISA.  Defendant's Motion to Dismiss is

**GRANTED**.

**IT IS SO ORDERED.**

  **/s/ Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  October 25, 2005**

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 25, 2005.

s/Linda Vertriest
Deputy Clerk

---