UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DR. DALE THURMAN,

    Plaintiff,

vs                                                                         Case No: 05-72912
                                                                         Honorable Victoria A. Roberts

PFIZER, INC.,

    Defendant.

_____/

## ORDER DENYING MOTION

This matter is before the Court on Plaintiff's Motion for relief from judgment and for leave to file an amended complaint. For the following reasons, the Court **DENIES** Plaintiff's Motion.

In his request for leave to file an amended complaint, Plaintiff claims that by removing from his damages request the phrase "damages representing the benefit of his bargain," his claims would not be preempted by the Employee Retirement Income Security Act ("ERISA"), as the Court held in granting Defendant's motion to dismiss on October 25, 2005.

Plaintiff misapprehends the Court's ruling. The Court held that the phrase 'damages representing the benefit of his bargain,' "demonstrates that the true nature of the issue underlying Plaintiff's misrepresentation claim involves benefits governed by an ERISA defined plan." [Plaintiff's Exhibit 1, p. 4]. The Court went on to state that Plaintiff asked the Court to award him the difference between the pension fund described during

1

negotiations, and the funds he was actually entitled to. On that basis, the Court found the claims related to the Defendant's pension plan and were preempted by ERISA.

In his Amended Complaint, Plaintiff asks the Court to rescind the pension plan portion of his employment agreement, and award him "damages to fully compensate...for the loss he has suffered in reliance on Defendant's misrepresentations, including, but not limited to amounts for loss of stock options, loss of salary, loss of benefits, moving expenses, and other consequential economic loss." [Plaintiff's Exhibit 2, pp. 5-6].

Even with this amendment, Plaintiff's claims still relate to a benefit plan governed by ERISA, and would be preempted. Adjudication would require the Court to compare the pension benefits Plaintiff was to receive from his previous employer to the pension benefits he was entitled to under Defendant's plan. His damage claim, thus, still relates to the Defendant's pension plan, resulting in preemption by ERISA.

Therefore, Plaintiff's Motion is **DENIED**.

 /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 11, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 11, 2006.

s/Linda Vertriest
Deputy Clerk

2